United States District Court
Southern District of Texas
**ENTERED**
September 29, 2025
Nathan Ochsner, Clerk



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES MARTINEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:24-CV-02937 |
| | § | |
| DEFENDANT 1, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### ORDER

Before the Court is Plaintiff James Martinez's ("Plaintiff") *Ex Parte* Motion for Expedited Non-Party Discovery and Leave to Serve Third-Party Subpoenas (the "Motion") (Doc. #12). Having considered Plaintiff's arguments and the applicable legal authorities, the Court grants the Motion in part.

This case arises from an alleged fraudulent cryptocurrency scheme. Plaintiff claims he was defrauded and lost approximately 168,271.54654 Tether (USDT), valued at $168,271.55 (USD)[1]. Doc. #1 ¶ 1. Plaintiff further alleges that the misappropriated cryptocurrency assets have been traced to several cryptocurrency exchanges, including OKX, MEXC Global, HTX, Binance, and Gate.io. *Id.* ¶ 48. On December 5, 2024, Plaintiff filed an *Ex Parte* Motion for Expedited Non-Party Discovery and Leave to Serve Third-Party Subpoenas. Doc. #12. Plaintiff requests leave to serve third-party subpoenas on these exchanges to uncover the true identities of Defendants and obtain account information necessary to prevent further dissipation of his assets. *Id.* at 2.

Generally, discovery is conducted after a Rule 26(f) conference. However, expedited

---

[1] The Complaint notes the market value was calculated on March 27, 2024. Doc. #1 at 2.

discovery is permitted where "authorized . . . by court order." FED. R. CIV. P. 26(d)(1).  Although

the Federal Rules do not provide a standard for granting such authorization, courts in the Southern

District of Texas apply a good cause standard to determine whether a party is entitled to such early

discovery. *See, e.g., St. Louis Grp., Inc. v. Metals & Additives Corp.,* 275 F.R.D. 236, 239 (S.D.

Tex. 2011).  When considering a request for a subpoena to obtain identifying information of

anonymous internet users, courts weigh several factors, including: (1) a concrete showing of a

prima facie claim of actionable harm by the plaintiff; (2) specificity of the discovery request; (3)

the absence of alternative means to obtain the subpoenaed information; (4) a central need for the

subpoenaed information to advance the claim; and (5) the user's expectation of privacy. *Well Go

USA, Inc. v. Unknown Participants in Filesharing Swarm*, 2012 WL 4387420, at *1 (S.D. Tex.

Sept. 25, 2012); *see also Ramirez v. Defendant 1*, No. CV 25-1576, 2025 WL 2337134, at *3 (E.D.

La. Aug. 13, 2025) (applying this same standard in a cryptocurrency theft case).

Courts in this Circuit have authorized expedited discovery requests in similar cases

involving cryptocurrency fraud. *See e.g., Ramirez*, 2025 WL 2337134, at *3; *Cohn v. Popescu*,

No. 1:24-CV-00337, 2024 WL 4525511, at *4 (E.D. Tex. Aug. 16, 2024); *Yogaratnam v. Doe*,

No. CV 24-393, 2024 WL 4838925, at *4 (E.D. La. Nov. 20, 2024); *Chow v. Defendant "1"*, No.

2:24-cv-00480-DJP-DPC, at *5 (E.D. La. Nov. 4, 2024).  In such cases, plaintiffs often need to

identify John Doe defendants who hold assets in anonymized cryptocurrency wallets. Without this

discovery, plaintiffs may be unable to proceed with service of process. *See Yogaratnam*, 2024 WL

4838925, at *6 ("Without a court order for this information, [p]laintiff possesses no possible way

to begin to identify the individuals involved in the fraudulent scheme he was subject to.").

At the same time, exchange account holders have privacy interests.  Accordingly, to

balance these competing concerns, courts in this Circuit have implemented safeguards to protect

the privacy of potentially innocent third parties. *See Ramirez*, 2025 WL 2337134, at \*3–5. Consistent with this practice, the Court will limit the scope of expedited discovery to identifying information only, and any information obtained through the subpoenas must be used solely to enforce Plaintiff's rights as set forth in the Complaint. Broader discovery into Defendants' alleged conduct, such as transaction histories and financial records, remains premature and is reserved until after a Rule 26(f) conference.

In conclusion, Plaintiff's Motion for Expedited Discovery for Leave to Serve Third-Party Subpoenas is GRANTED IN PART. Doc. #12. The Court ORDERS as follows:

1. Plaintiff may serve Rule 45 subpoenas on OKX, MEXC Global, HTX, Binance, and Gate.io. The subpoenas are limited to requesting only the name, address, telephone number, and e-mail address associated with the specified account(s). No other information may be requested.

2. A copy of this Order must be attached to each subpoena.

3. OKX, MEXC Global, HTX, Binance, and Gate.io shall have thirty (30) days from service of the subpoena to object or move to quash.

4. OKX, MEXC Global, HTX, Binance, and Gate.io must also notify the affected account holders, who shall likewise have thirty (30) days from service to object or move to quash.

5. OKX, MEXC Global, HTX, Binance, and Gate.io shall not respond to any subpoena served in this case until the later of (a) the expiration of the thirty-day periods above or (b) the resolution of a motion to quash or for a protective order.

6. Plaintiff may only use the information disclosed to protect and enforce his rights as set forth in the Complaint.

7.  Plaintiff shall provide copies of any responsive information to any Defendant who

subsequently enters an appearance in this case.

It is so ORDERED.

SEP 2 9 2025
_____
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

4